IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSA MYKINS, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0264-WS-M |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| HUMAN RESOURCES, etc., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the defendants' motion to file evidentiary materials under seal. (Doc. 45). The motion asserts that the defendants' exhibits filed in support of their motion for summary judgment all constitute either records of the Department of Human Resources ("DHR"); Juvenile Court proceedings and files; or Probate Court records and orders, and it asserts that Alabama state law renders all such documents confidential, such that they should be kept under seal in this litigation.

With respect to DHR records, the defendants cite Ala. Code §§ 26-14-8, 38-2-6(8), and 38-9-6. Section 26-14-8(c) requires that "[t]he reports and records of child abuse and neglect and related information and testimony shall be confidential …." Section 38-2-6(8) provides that "[a]ll case records of recipients of, and applicants for, assistance, including, but not limited to, payments and services, shall be considered confidential and not public writings and shall not be subject to public use or inspection." Section 38-9-6, which deals with protective placement "for an adult," Ala. Code § 38-9-6(a), provides that "[a]ny record of the department or other agency pertaining to such a person shall not be open for public inspection." *Id.* § 38-9-6(e). Since the individual at issue is not an adult, the latter

section appears inapplicable.  As to the other sections, the defendants have not identified the exhibits or portions of exhibits, if any that implicate them and only Exhibit 2 clearly does so.  As to all other exhibits, the defendants have not demonstrated that they should be kept under seal pursuant to these statutes.

With respect to Juvenile Court proceedings and files, the defendants cite Ala. Code §§ 12-15-129 and 12-15-13, as well as Rule 18 of the Alabama Rules of Juvenile Procedure.  Section 12-15-129 provides that "[t]he general public shall be excluded from delinquency, in need of supervision, or dependency hearings …."  While some of the defendants' exhibits appear to implicate dependency hearings, Section 12-15-129 does not appear to address the confidentiality of records.  Rule 18 permits the dissemination of certain statistical information and so is not implicated here.  Section 12-15-133 lists certain records that "shall be confidential and shall not be released to any person, department, agency, or entity, except as provided elsewhere in this section."  Ala. Code § 12-15-133(a).  Among the listed items are: "[j]uvenile legal files (including formal documents as petitions, notices, motions, legal memoranda, orders, and decrees)"; and "[b]irth certificates."  *Id*. § 12-15-133(a)(1), (2)(h).  Exhibits 1, 3-8, 9B-C, 10B-G, and 27 appear to fall within this rule.  To the extent the defendants assert that any other exhibits fall within the provisions concerning Juvenile Court material, they have not demonstrated this to be the case.

With respect to Probate Court proceedings, the defendants assert that confidentiality is protected by statute, but they cite no statute in support of this proposition.  Accordingly, they have not demonstrated that the exhibits drawn from Probate Court filings should be kept under seal.

Most of the remaining exhibits are filings in a Circuit Court proceeding. The defendants have not addressed these exhibits or explained why they should remain under seal.  Accordingly, they have not met their burden of doing so.

The public has constitutional and common-law rights of access to materials filed in a federal lawsuit.  *See generally Chicago Tribune Co. v.*

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001) (discussing these rights and their parameters).  "This right of access is not absolute [and] may be overcome by a showing of good cause."  *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *accord Chicago Tribune*, 263 F.3d at 1310.  On the current record and argument, the defendants have not met this burden with respect to many of their exhibits.  Accordingly, they are **ordered** to file and serve, on or before **November 6, 2012**, a supplemental brief thoroughly addressing, with citation to relevant legal authority and analysis thereof, their position that all 261 pages of their 27 exhibits should remain under seal.[1]

    DONE and ORDERED this 23rd day of October, 2012.

                                          s/ WILLIAM H. STEELE
                                          CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The defendants are to avoid general citations to lengthy code provisions, like those they inserted in their principal brief.  Citations are to be precise and are to include quotations of the relevant material.