**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| ROSA MYKINS, etc., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )CIVIL ACTION 11-0264-WS-M |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| HUMAN RESOURCES, etc., et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

This matter is before the Court on the remaining defendants' motion for summary judgment.  (Doc. 43).  The defendants filed a brief and evidentiary materials in support of their motion, (Docs. 44, 45), the plaintiff declined the opportunity to file any opposition, (Doc. 46), and the motion is ripe for resolution.

The amended complaint asserts claims under Title VI, Section 1985(3) and Section 1986.  (Doc. 30).  Before this lawsuit was filed, the plaintiff, individually and as legal guardian of her two grandchildren, filed a lawsuit in the Circuit Court of Baldwin County against the same defendants (and two others) alleging nine causes of action, including for violations of Title VI and Section 1985(3).  (Doc. 45, Exhibit 23).  A comparison of these documents reveals that the claims in the state lawsuit were based on exactly the same allegations and theories as in this action, and the Title VI and Section 1985(3) counts as between the two lawsuits are almost verbatim images of each other.

The defendants moved to dismiss the state lawsuit under Rule 12(b).  With respect to the Title VI claim, the defendants argued:  (1) that no Section 1983 claim existed against the foster parent defendants; (2) that the DHR defendants possessed absolute sovereign immunity; and (3) that the plaintiff failed to state a

claim because she lacked standing.  With respect to the Section 1985(3) claim, the defendants raised again the DHR defendants' sovereign immunity and also argued that the plaintiff failed to state a claim, both because there was no underlying wrong and because she inadequately pleaded the elements of such a claim.  (Doc. 45, Exhibit 22).  After a hearing, (Doc. 45, Exhibit 25), the state court granted the motion to dismiss "pursuant to Rule 12(b)."  (*Id*., Exhibit 26).  Three days later, the plaintiff filed this lawsuit.  (Doc. 1).

"When we are considering whether to give res judicata effect to a state court judgment, we must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation."  *Green v. Jefferson County Commission*, 563 F.3d 1243, 1252 (11th Cir. 2009).  Alabama's res judicata principles thus govern.

"Under Alabama law, the essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions."  *Green*, 563 F.3d at 1252 (internal quotes omitted).  "If all four elements are met, any claim that was, or could have been, adjudicated in the prior action is barred from future litigation."  *Id*.

The state judge dismissed the state action under Rule 12(b) and on the grounds asserted by the defendants.  "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits."  Ala. R. Civ. P. 41(b).  The defendants did not raise lack of jurisdiction, improper venue, or failure to join a party, and the Court's order did not specify that it was not an adjudication on the merits.  Accordingly, it was such an adjudication.  *E.g., Henry L. Clothier, Jr. v. Counseling, Inc*., 875 So. 2d 1198, 1199-1200 (Ala. Civ. App. 2003).

2

The circuit court was plainly of competent jurisdiction, as it is the court of general jurisdiction.  Ala. Code § 12-11-30(1).  The plaintiff is the same in both cases (even to the extent of appearing both individually and as her grandchildren's legal guardian), and the four defendants remaining in this case are among the six defendants in the state lawsuit.  There is thus a substantial identity of parties.

Two of the three causes of action presented in this action were presented in the state action, and on precisely the same basis.  The Section 1986 claim was not presented in the state action, but that is immaterial.  "[W]hether the second action presents the same cause of action depends on whether the issues in the two actions are the same and on whether substantially the same evidence would support a recovery in both actions."  *Equity Resources Management, Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).  "Res judicata applies not only to the exact legal theories advanced in the prior case, but to all legal theories and claims arising out of the same nucleus of operative facts."  *Old Republic Insurance Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000).  That connection is clearly present here, since "Section 1986 claims are … derivative of § 1985 violations."  *Park v. City of Atlanta*, 120 F.3d 1157, 1159-60 (11th Cir. 1997); *accord Farese v. Scherer*, 342 F.3d 1223, 1232 n.12 (11th Cir. 2003).

Because all four elements of res judicata under Alabama law are satisfied, this action as expressed in the amended complaint is barred by the doctrine.  Accordingly, the defendants' motion for summary judgment is **granted**.  This action, and every claim asserted therein against these defendants, is **dismissed with prejudice**.  Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 12th day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE