IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ROSA MYKINS, etc., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0264-WS-M |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| HUMAN RESOURCES, etc., et al., | ) |
| | ) |
|     **Defendants.** | ) |

**ORDER**

    This matter is before the Court on the defendants' motion to file evidentiary materials under seal. (Doc. 45). The Court by previous order identified certain exhibits as to which the defendants had met their burden of showing good cause for placing the material under seal and ordered the defendants to file a supplemental brief adequately addressing the remainder. (Doc. 47). The defendants have submitted a supplemental brief, (Doc. 48), and their motion is ripe for resolution.

    The plaintiff in this lawsuit challenges the conduct of the defendants in connection with certain visitation, custody and adoption decisions involving the plaintiff's minor granddaughter. In support of their motion for summary judgment, the defendants have filed, under seal, certain records of the Department of Human Resources, the granddaughter's birth certificate, and filings in the Juvenile Court proceedings. The Court's previous order found good cause for maintaining these documents under seal due to various Alabama statutes addressing their confidentiality.

    The defendants have also submitted filings from the Probate Court proceedings concerning the adoption. (Doc. 45, Exhibits 9-16). The defendants

previously cited no Alabama statute addressing such documents, but they now point to Alabama Code § 26-10A-31.  The Court is satisfied that sealing of the Probate Court records is appropriate in light of this provision.

The balance of the defendants' submitted exhibits are filings in the state-court litigation that preceded this action.  (Doc. 45, Exhibits 17-26).  As set forth in the Court's order granting the defendants' motion for summary judgment, these records form the basis of the defendants' successful argument that this action is barred by res judicata, since it is an essentially identical repeat of the plaintiff's dismissed state lawsuit.

The defendants do not contend that any Alabama statute provides good cause for keeping the Circuit Court filings under seal.  Instead, they ask the Court to perform the balancing envisioned by the good-cause standard.  (Doc. 48 at 2).

> In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).  The defendants invoke only one of these factors and identify no additional factors not on this list.  They argue that the privacy interests of the minor granddaughter, and of two other granddaughters named in certain of the exhibits, "should outweigh any third party's interest in viewing" the Circuit Court filings.  (Doc. 48 at 2).

To support this proposition, the defendants assert that the Circuit Court filings "reference in detail matters related to the juvenile and probate proceedings."  (Doc. 48 at 3).  Actually, only the original and amended complaints do so, and even they do not reference in detail the juvenile and probate proceedings themselves, which is what the Alabama statutes protect.  What these

pleadings focus on is the alleged conduct of the defendants outside the formal proceedings and their alleged efforts to prevent the plaintiff from obtaining visitation, custody or adoption due to her race.  The defendants do not explain the minors' interest in having these allegations remain under seal.  Nor do they explain why, if this privacy interest is so strong, they previously filed the very same Circuit Court filings in this case, unsealed and with only minor redactions. (Doc. 10, Exhibits 18-30).

"[D]ecisions less central to merits resolutions implicate lesser right-to-access considerations." *Romero*, 480 F.3d at 1246 (internal quotes omitted).  The Circuit Court filings, and especially the amended complaint, the defendants' motion to dismiss, and the trial court's order granting the motion, were absolutely critical to the Court's resolution of the defendants' successful res judicata argument, since without them the Court could not have determined whether the order was an adjudication on the merits of a cause of action presented in this case by the same plaintiff against the same defendants.  The centrality of the documents to the resolution of this action weighs in favor of unsealing them.

The Court is also to weigh "the availability of a less onerous alternative to sealing the documents." *Romero*, 480 F.3d at 1246.  The defendants request that the names of the three minors be redacted if the Circuit Court filings are not kept sealed in their entirety.  (Doc. 48 at 3).  Under Rule 5.2(a), the name of an individual known to be a minor should not be used in a court filing but only the minor's initials. This general rule does not apply if the Circuit Court filings constitute "the official record of a state-court proceeding" or "the record of a court or tribunal, if that record was not subject to the redaction requirement when originally filed." Fed. R. Civ. P. 5.2(b)(3), (4).  But even if the general rule does not apply, the Court may for good cause "require the redaction of additional information." *Id*. Rule 5.2(e)(1).

For the reasons set forth above and in the Court's previous order, the defendants' motion to file evidentiary materials under seal is **granted** with respect

to Exhibits 1-16 and 27 and **denied** with respect to Exhibits 17-26. The defendants are **ordered** to re-file Exhibits 17-26 on or before **December 19, 2012**, redacting only the minors' names to initials. No final judgment will be entered before the defendants comply with this order.

DONE and ORDERED this 12th day of December, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE